UNITED STATES, Appellee,

v.

Private E–1 Kevin C. ANGELO, 438–19–0316, United States Army, Appellant.

ACMR 8701523.

U.S. Army Court of Military Review.

18 Feb. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC, Captain Debra D. Stafford, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before COKER, KENNETT, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

Tried by a general court-martial composed of officer members, appellant was convicted, pursuant to his plea, of absence without leave (AWOL) in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. Contrary to his plea, he was convicted of desertion in violation of Article 85, UCMJ, 10 U.S.C. § 885,

after entering a plea of guilty to the lesser included offense of AWOL.[1] The convening authority approved the sentence of a bad-conduct discharge, confinement for twelve months, and forfeiture of $658.20 pay per month for twelve months. Appellant, personally and through counsel, asserts three errors, each of which will be discussed.

 Appellant personally contends that his conviction of desertion is not supported by the evidence of record. We agree, and are surprised that the trial defense counsel did not move for a finding of not guilty at the close of the government's case on the merits. We are also surprised that the judge did not recognize the government's failure of proof.[2] We will amend the finding of guilty in our decretal paragraph inasmuch as appellant entered a provident plea of guilty to the lesser included offense of AWOL terminated by apprehension.

Appellant, through counsel, asserts that he was improperly denied an opportunity to submit post-trial matters prior to the convening authority's action. We disagree. At trial, appellant requested that a copy of the authenticated record of trial and the staff judge advocate's recommendation be served on his trial defense counsel. Trial concluded on 30 June 1987. The military judge authenticated the record of trial on 5 August, and a copy of the authenticated record was delivered on 10 August by messenger to the trial defense counsel. On 12 August, a copy of the staff judge advocate's 11 August post-trial recommendation was served on the trial defense counsel. On 25 August at 10:30 a.m., the defense response to the recommendation was received.[3] At the time of that receipt, the staff judge advocate was presenting his

---

1. He was acquitted of a separate charge of larceny.

2. It appears that the judge and both counsel forgot about the alleged desertion during the extended litigation of the larceny charge.

3. The original of this response reflects, on the reverse side, a date and time stamp clearly showing that it was received in the Office of the Staff Judge Advocate on 25 August at 10:30 a.m. This response is included in the allied papers of the record and is also attached as an appendix to the defense appellate pleading. Also included in the allied papers and attached as an appendix to the defense pleading is a 28 August 1987 memorandum signed by the Chief of Criminal Law of appellant's jurisdiction. In that memorandum, addressed to the trial defense counsel, the Chief of Criminal Law mistakenly notes the time of receipt of the defense response as being 10:30 a.m. on *24* August.

recommendation and the record of trial to the convening authority for action.[4] Accordingly, the defense response was not presented to the convening authority prior to his action on the record of trial.

■ As appellant requested at trial that the authenticated record and staff judge advocate's recommendation be served on his trial defense counsel, that counsel had ten days after service of the authenticated record or receipt of the recommendation, whichever was later, in which to submit matters under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1105 and an R.C.M. 1106(f)(4) response to the recommendation. *See* Article 60(b)(1), UCMJ, 10 U.S.C. § 860(b)(1); R.C.M. 1105(c)(1) and 1106(f)(5). *See also* R.C.M. 1104(b)(1)(C) and 1107 (b)(2). Trial defense counsel also had the same ten-day period in which to request an extension of time to submit matters under R.C.M. 1105 or a response under R.C.M. 1106(f)(4) or both. Because trial defense counsel did not request an extension of time and did not submit any matters or his response to the recommendation within the statutory time period, he waived the right to submit matters under R.C.M. 1105 and a response under R.C.M. 1106(f)(4). R.C.M. 1105(d)(1) and 1106(f)(6). The convening authority is not required, *sua sponte*, to extend the ten-day time period, but *may*, for good cause, grant up to a twenty-day extension. Article 60(b)(2), UCMJ; R.C.M. 1105(c)(1) and 1106(f)(5). Because trial defense counsel did not show "good cause" within the ten-day period for requesting an extension,[5] the staff judge advocate properly

took the record of trial to the convening authority for action on 25 August 1987.[6]

■ Finally, appellant personally asserts the members "failed to give appropriate weight to extenuation and mitigation." We interpret this allegation as an argument that the sentence is inappropriately severe. Because we are reducing the desertion charge to a finding of guilty of the lesser included offense of AWOL terminated by apprehension, we are required to determine whether the court-martial would have adjudged the same sentence had it convicted appellant of the lesser included offense in accordance with his plea. *United States v. Sales*, 22 M.J. 305, 309 (C.M.A.1986). Even if we determine that the same sentence would have been adjudged, we can affirm only such part or amount thereof that we find correct in law and fact and determine, on the basis of the entire record, should be approved. Article 66(c), UCMJ, 10 U.S.C. § 866(c). Applying the criteria of *Sales*, we find that the members would have adjudged a bad-conduct discharge and partial forfeitures even had they convicted appellant of the lesser included offense. We cannot find that the members would have adjudged confinement for twelve months had they been correctly instructed that the maximum imposable confinement was two years, not three and one-half years, but we do find that they would have adjudged at least six months' confinement. Although we will reduce the period of confinement, such reduction affords appellant no relief because he has already served his confinement and has entered into a status of excess leave pending completion of appellate

---

4. This information is included in the memorandum signed by the Chief of Criminal Law.

5. Neither trial nor appellate defense counsel have presented any "good cause" or any other reason for the late submission of the response.

6. If the response had been received prior to the time the staff judge advocate took the record to the convening authority for action, even if not received within ten days, we believe a prudent staff judge advocate would have taken the response with him for the convening authority's consideration at the time of the "Action." Al-

though the "Response to SJA's Recommendations" lists only clemency matters and requests only a reduction in the adjudged period of confinement, we reject the government's implicit argument that there was no need to show the untimely response to the convening authority because all the clemency matters were "brought out" during the sentencing phase of trial. As noted by Chief Judge Everett in a recent dissent from an order denying petition for review, the convening authority is no longer required to read the record of trial. *United States v. Camacho*, 25 M.J. 367 (C.M.A.1987).

review.[7] Accordingly, we will set aside a portion of the forfeiture period.[8]

Only so much of the findings of guilty of Additional Charge I and its specification are affirmed as find appellant guilty of AWOL from 1 March 1987 until apprehended on 7 April 1987 in violation of Article 86, UCMJ. The remaining findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for six months, and forfeiture of $658.00 pay per month for six months.

Senior Judge COKER concurs.

Judge ROBBLEE took no part in the decision of this case.

---

7. A copy of appellant's approved leave request, reflecting that he entered into an excess leave status on 15 January 1988, is included in the appellate paperwork attached to the record of trial. Appellant's completion of the approved twelve months' confinement is a result of time served both pretrial and post-trial and the application of good time credit while in post-trial confinement.

8. We note that the forfeitures incorrectly included twenty cents per month in violation of R.C. M. 1003(b)(2) which provides that partial forfeitures will be stated in *whole dollars.*