**UNITED STATES, Appellee,**

v.

**Private El Patrick R. BROWN, Jr., 534–82–3346, United States Army, Appellant.**

**ACMR 8802119.**

U.S. Army Court of Military Review.

28 Sept. 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FOREMAN, SMITH, and VARO, Appellate Military Judges.

OPINION OF THE COURT

VARO, Judge:

On 13 and 20 September 1988, a military judge sitting as a general court-martial convicted appellant of conspiracy to commit larceny of government property, larceny of government property, and larceny of private property, in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 921 (1982). Appellant was sentenced to a dishonorable discharge, confinement for three years, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of twenty-two months for twelve months.

Appellant contends that a new action by the convening authority is required because the convening authority failed to consider matters submitted in clemency pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1105.

The record of trial was served on the trial defense counsel on 1 November 1988. On 16 November 1988, the trial defense counsel requested, and was granted, a delay for submission of R.C.M. 1105 materials. The request for delay until 30 November 1988 was granted on 29 November 1988 by the acting general court-martial convening authority. This was the maximum period of defense delay authorized by R.C.M. 1106(f)(5). The 16 November 1988 request lists three grounds for delay:

1. Waiting for final co-conspirator trial where PV1 Brown testified for the Government.

2. The Government is submitting a letter based on PV1 Brown's cooperation and assistance on behalf of the Government.

3. Due to the heavy trial schedule of Defense Counsel.

On 7 December 1988, the trial defense counsel submitted materials pursuant to R.C.M. 1105 and requested that the confinement be reduced to fourteen months. Included with the submission was a letter from the trial counsel dated 7 December 1988. The sole grounds for clemency in the R.C.M. 1105 submission was appellant's assistance to the government on two other pending cases. The convening authority took action on 6 December 1988 without consideration of the R.C.M. 1105 submission, and the matters submitted were returned by the staff judge advocate without action as the submission was deemed to be untimely. On 7 December 1988, the trial defense counsel requested the action be recalled and modified and the order in the case not be published. This request makes slight mention of the government's knowledge of appellant's cooperation but, in the record, does not contain the detail of the R.C.M. 1105 submission with its enclosed letter from the trial counsel. On 15 December 1988, the convening authority disapproved the 7 December 1988 defense request that the 6 December 1988 action be recalled and modified. There is no indication that the R.C.M. 1105 submission was considered in this determination. The only enclosure listed in the 15 December 1988 determination is the 7 December 1988 Request for Delay mentioned above.

We disagree with the staff judge advocate's determination of timeliness in this case. The 16 November 1988 request for delay placed all parties on notice of the letter being prepared by the trial counsel. While the trial defense counsel had exhausted the authorized delay, his submission was further delayed solely because the government's representative was dilatory in providing the promised letter. This letter is key in this case in light of the fact that the R.C.M. 1105 submission is limited solely to the appellant's assistance to the government. In that the defense submission was made within less than one day of the receipt of the trial counsel's letter, we hold that the trial defense counsel acted in a timely matter and the materials were properly submitted to the convening authority under the circumstances despite the fact that the submission was made after the period of extension provided in R.C.M. 1106(f)(5). Therefore, the convening authority was required to consider them pursuant to R.C.M. 1107(b)(3)(A)(iii).

A new action is required. The action of the convening authority dated 6 December 1988 is set aside. The record of trial will be returned to The Judge Advocate General for response by the staff judge advocate to submissions of the appellant in accordance with R.C.M. 1106(d)(3)(E), and for a new action by the same convening authority.

Judge SMITH concurs.

FOREMAN, Senior Judge, dissenting:

I disagree with my brothers on two grounds. In the first place, responsibility for the untimely R.C.M. 1105 submission in this case rests squarely on the shoulders of a dilatory trial defense counsel. On 1 November, the trial defense counsel was notified that he had ten days to submit matters to the convening authority. On 16 November, he belatedly requested additional time and received an extension until 30 November. That date came and went with no response from the trial defense counsel. Seven days late, he submitted the matters

in question. If the time limits in R.C.M. 1105 are to have any meaning, trial defense counsel must be required to meet them, or at least request additional time. On or before 30 November, the trial defense counsel, as an officer of the court, could have described appellant's cooperation in greater detail or could have requested additional time for the trial counsel's letter. Since he did neither, the staff judge advocate properly rejected the submission as untimely. *United States v. Angelo,* 25 M.J. 834 (A.C.M.R.1988).

Secondly, the rejection of the untimely submission had no impact on the approved sentence. We violate our obligation under Article 59(a) [1] if we automatically find prejudice any time clemency matters are omitted. "We, therefore, must assess this error, as we do all others, for prejudice in light of the facts of the entire case." *United States v. Moody,* 27 M.J. 683, 684 (A.C.M.R.1988), *reversed,* 28 M.J. 453 (C.M.A. 1989) (summary disposition). Although the Court of Military Appeals reversed our decision in *Moody* on the issue "[w]hether the Army Court of Review erred by *finding* no prejudice pursuant to UCMJ Article 59(a)," (emphasis added) they have not established a presumption of prejudice or relieved this Court of its statutory obligation to test for prejudice. Indeed, in the seminal case on this issue, the Court of Military Appeals required a new review and action because they found that "[a] review of the submitted clemency materials clearly establish-es that these documents were proper and *substantial* matters for consideration under R.C.M. 1105(b)(4)." (emphasis added). *United States v. Craig,* 28 M.J. 321, 325 (C.M.A.1989).

In the case before us, the convening authority already was aware of the appellant's cooperation in the prosecution of his co-conspirators, because the trial defense counsel described it in his untimely request for additional time, which was granted personally by the convening authority. The trial counsel's letter was cumulative, not "substantial." Assuming, *arguendo,* that it was error to reject the untimely submission, there is no reasonable possibility of prejudice to the appellant.

To send this case back for a new review and action when we are certain that the result will be the same is judicial frolicking in violation of our obligation under Article 59(a), UCMJ, 10 U.S.C. § 859(a). *See United States v. Epps,* 20 M.J. 534, 537 (A.C.M.R.1985) (Suter, C.J., dissenting) ("It is this type of judicial frolicking that erodes confidence in criminal law, military or civilian."), *reversed,* 25 M.J. 319 (C.M.A.1987).

I would affirm the findings and sentence.

---

**1.** Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (1982).