UNITED STATES, Appellee,

v.

**Sergeant First Class Ronald D. SOSEBEE, 258–68–9709, United States Army, Appellant.**

**ACMR 9101161.**

U.S. Army Court of Military Review.

28 Oct. 1992.

For Appellant: Colonel Robert B. Kirby, JAGC, Captain Michael P. Moran, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC, Captain Sheila E. McDonald, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, the appellant, a sergeant with over nineteen years of service, was convicted by a general court-martial of officer members of an attempt to alter a public record, two specifications of an attempt to possess a controlled substance, eight specifications of larceny, theft of mail, and wearing unauthorized insignia in violation of Articles 80, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 921 and 934 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for forty-two months, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant contends that he was denied the effective assistance of counsel because of the trial defense counsel's failure to submit post-trial clemency matters. We agree with government appellate counsel that the appellant was denied a meaningful opportunity for clemency, but have determined that the failure also must be attributed to an acting staff judge advocate who relied upon the letter of the law while ignoring its intent.

Manual for Court–Martial, United States, 1984, Rule for Courts–Martial 1105(c)(1) [hereinafter R.C.M.] provides that the accused may submit matters to the convening authority "within the later of 10 days after a copy of the authenticated record of trial, or, if applicable, the recommendation of the staff judge advocate or legal officer is

served on the accused." The rule further provides for an extension of "not more than 20 additional days."

In this case the trial defense counsel and the accused were served a copy of the record of trial, post trial recommendation and allied papers on 7 August 1991. The defense counsel requested an extension until Monday, 9 September 1991. The extension was approved until Saturday, 7 September 1991.

From 4 September 1991 until 7 September 1991, the defense counsel was representing another soldier. On 9 September 1991 he requested an extension until 11 September 1991 to submit the appellant's post-trial matters. He was informed by the staff judge advocate's office that no legal authority existed to grant a further extension. No matters were submitted by the time the convening authority took action on 18 September 1991. The question posed to us by appellate counsel is whether the failure to submit matters is ineffective assistance of counsel or amounts to a waiver of the right to submit post-trial matters.

■ The power to approve a court-martial sentence includes the convening authority's discretionary decision to grant clemency. *See* Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1). There is no question that a convicted soldier's "best hope for sentence relief" lies with the convening authority. *See United States v. Spurlin*, 33 M.J. 443 (C.M.A.1991). This court has previously held, however, that the right to submit matters has limits. For example, the failure to request an extension for the ten-day period has been interpreted as a waiver of the right to submit matters. *See United States v. Angelo*, 25 M.J. 834 (A.C.M.R. 1988). We have also suggested, however, that the prudent staff judge advocate would take any response received with him for the convening authority's consideration even though the time periods had not been met. *See United States v. Angelo* at 836 n. 6.

■ In this case the staff judge advocate had received no submissions from the appellant at the time of action by the convening authority. Although the failure to submit matters might be considered a waiver, the trial defense counsel sought additional time for the submission. That request put all parties on notice that matters were being prepared for submission. *See United States v. Brown*, 29 M.J. 613 (A.C.M.R.1989). He was told by the staff judge advocate's Chief of Military Justice that no lawful authority existed for an additional extension of time. That reply may have led the trial defense counsel to think that a submission could not be made because the time period had expired.

Two significant points are obvious from this case:

■ a. A trial defense counsel who allows thirty days to pass without submitting post-trial matters risks the application of the waiver rule or an allegation of ineffective assistance of counsel.

■ b. A staff judge advocate who discourages submissions to the convening authority after the thirty-day time limit but prior to action creates needless litigation and risks a remand from this Court.

In this case we refuse to apply waiver. We also decline to find ineffective assistance of counsel because of the facts of this case and the involvement of the Chief of Military Justice. The appellant is entitled to a new action to ensure a meaningful opportunity for sentence relief.

The action of the convening authority, dated 18 September 1991, is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.