UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and SIMS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist HECTOR J. MERCADO
 United States Army, Appellant

 ARMY 20080912

 Headquarters, 82nd Airborne Division
 Patrick Parrish, Military Judge
 Lieutenant Colonel Jeffrey C. Hagler, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Pamela
Perillo, JA (on brief).

For Appellee: Colonel Norman F.J. Allen, III, JA; Lieutenant Colonel
Martha L. Foss, JA; Lieutenant Colonel Francis C. Kiley, JA; Lieutenant
Colonel John C. Lynch, JA (on brief).

 30 September 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a special court-martial, convicted
appellant, pursuant to his plea, of one specification of absence without
leave, in violation of Article 86, Uniform Code of Military Justice
[hereinafter UCMJ]. The military judge sentenced appellant to a bad-
conduct discharge, confinement for six months, and a reduction to the grade
of E-1. Pursuant to a pretrial agreement, the convening authority approved
only 121 days of the sentence to confinement, but otherwise approved the
adjudged sentence. This case is before us for review under Article 66,
UCMJ.

 Appellant claims he suffered prejudicial error because his defense
counsel failed to file Rule for Courts-Martial [hereinafter R.C.M.] 1105
matters on his behalf. We agree and order a new recommendation and action
to ensure appellant has a meaningful opportunity for clemency. We do so
without deciding whether trial defense counsel’s actions amounted to
ineffective assistance of counsel. See generally United States v. Spurlin,
33 M.J. 443 (C.M.A. 1991); United States v. Starks, 36 M.J. 1160 (A.C.M.R.
1993); United States v. Sosebee, 35 M.J. 892 (A.C.M.R. 1992).
 BACKGROUND

 The government served appellant’s trial defense counsel, Captain
(CPT) P, with a copy of the record of trial and the post-trial
recommendation on 5 January 2009, with a 16 January 2009 date to submit
matters in accordance with R.C.M. 1105. On 14 January 2009, CPT P
requested and was granted a 20-day extension to submit clemency matters.
On 5 February 2009, CPT P submitted a letter written by appellant for
consideration under R.C.M. 1105. On 12 February 2009, CPT P told the
military justice noncommissioned officer in charge, Sergeant First Class
(SFC) F that he planned to submit clemency matters on behalf of the accused
“by close of business on 12 February 2009.” Captain P failed to submit
additional matters and on 13 February 2009 at approximately 1600 hours, the
convening authority took final action on appellant’s case. On 17 February
2009, CPT P sent an e-mail to SFC F, stating he had computer difficulties,
had been unable to prepare clemency matters for appellant, and would
“submit[] them shortly.” Sergeant First Class F responded that the
convening authority had already taken action on the case.

 LAW AND DISCUSSION

 We have long found that an accused’s best chance for clemency rests
with the convening authority. See United States v. Wheelus, 49 M.J. 283,
287 (C.A.A.F. 1998). This court, sitting as the Army Court of Military
Review, has previously held that the right to submit matters has its
limits. Sosebee, 35 M.J. at 893. But we have also suggested “that the
prudent staff judge advocate would take any response received with him for
the convening authority’s consideration even though the time periods had
not been met.” Id. (citing United States v. Angelo, 25 M.J. 834 (A.C.M.R.
1988)).

 In this case, defense counsel notified the military justice office
that he planned to submit additional clemency matters “by close of business
on 12 February 2009.” When no matters, other than the letter drafted by
appellant, were received by that deadline, the staff judge advocate took
appellant’s case to the convening authority for action the very next day.
While we do not condone defense counsel’s failure to comply with the time
limits set for submission of clemency matters, the staff judge advocate was
on notice that additional matters were being prepared for submission and
should have done more to ensure appellant’s clemency matters were received
and submitted to the convening authority. See United States v. Brown, 29
M.J. 613 (A.C.M.R. 1989); Sosebee, 35 M.J. at 893. In an abundance of
caution, we hold that appellant should be given the opportunity to submit
all clemency matters on his behalf to ensure a meaningful opportunity for
sentence relief.

 CONCLUSION

 We remand this case for a new SJAR and action. This remedy will
afford appellant the requested opportunity to have meaningful
representation and opportunity to submit clemency matters to the convening
authority.

 The convening authority’s initial action, dated 13 February 2009, is
set aside. The record of trial is returned to The Judge Advocate General
for a new SJAR and new initial action by the same or a different convening
authority in accordance with Article 60(c)-(3), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court