UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and CARLTON
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Private First Class ADAM L. BECKNER
 United States Army, Appellee

 ARMY 20080605

 Headquarters, Fort Stewart
 Tara Osborn, Military Judge
 Lieutenant Colonel Stacy A. Flippin, Acting Staff Judge Advocate (pretrial)
 Colonel Jonathan C. Guden, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley Voorhees, JA; CPT Melissa Goforth Koenig, JA (on
brief).

For Appellee: Colonel Norman F.J. Allen, III, JA; Lieutenant Colonel
Martha L. Foss, JA; Major Lynn I. Williams, JA; Captain Christopher B.
Witwer, JA (on brief).

 7 May 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------
Per Curiam:

 This case is before the court for review under Article 66, UCMJ.
Appellant alleges he suffered prejudicial error because his defense counsel
submitted clemency matters to the convening authority without input from
appellant. Specifically, appellant claims he would have submitted a
personal statement, letters from his family and friends, and a request for
deferral and waiver of forfeitures, had he been contacted by counsel. We
agree appellant suffered prejudicial error and order a new recommendation
and action to ensure a meaningful opportunity for sentence relief.
 Law and DISCUSSION
 Our superior court has often noted an accused’s best chance for
clemency rests with the convening authority. See United States v. Wheelus,
49 M.J. 283, 287 (C.A.A.F. 1998). Consequently, a convening authority’s
review of an accused’s clemency matters “is uniquely critical to an
accused.” United States v. Hamilton, 47 M.J. 32, 35 (C.A.A.F. 1997).

 “If the convening authority has not seen a convicted servicemember’s
clemency submission, it is well established that he has not been afforded
his best hope for sentence relief.” See United States v. Spurlin, 33 M.J.
443, 445 (C.M.A. 1991) (quotations and citations omitted); see also United
States v. Sosebee, 35 M.J. 892, 894 (A.C.M.R. 1992). An accused convicted
by court-martial “must receive adequate and appropriate representation
throughout the entire appellate process,” including post-trial clemency
submissions. See United States v. Garner, 34 M.J. 575, 577 (A.C.M.R. 1992)
(citations omitted). Just as counsel must inform his client what is being
done on his behalf during pretrial and trial stages, “so too should counsel
engage in informative discussions with the client during the post-trial
stage.” United States v. Hicks, 47 M.J. 90, 93 (C.A.A.F. 1997).

 Based upon appellant’s affidavit detailing what he would have
submitted to the convening authority, were he afforded the opportunity, we
are not confident appellant was “afforded a full opportunity to present
matters to the convening authority prior to action on the case.” United
States v. Hawkins, 34 M.J. 991, 995 (A.C.M.R. 1992). To address any
possible prejudice flowing from the post-trial omissions and errors in this
case, we order a new review an action. The facts and circumstances of this
case, specifically the conduct of defense counsel in representing his
client post-trial, are similar to those in our court’s opinion in United
States v. Fordyce, __ M.J. __ (Army Ct. Crim. App. _ May 2010). In
ordering a new review and action in this case, we reiterate the court’s
significant concerns, expressed in Fordyce. We admonish trial defense
counsel to be cognizant of counsel’s responsibility to advise and assist
the accused in exercising his or her significant post-trial rights prior to
convening authority action in future cases.

 CONCLUSION

 The convening authority’s initial action, dated 19 December 2008, is
set aside. The record of trial is returned to The Judge Advocate General
for a new staff judge advocate recommendation and a new initial action by
the same or a different convening authority in accordance with Article
60(c)-(e), UCMJ. This remedy will afford appellant the requested
opportunity to submit clemency matters to the convening authority.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court