# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 STEVE A. FRASIER**
**United States Army, Appellant**

ARMY 20120744

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Matthew M. Jones, JA (on reply brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Lieutenant Colonel John C. Lynch, JA (on brief).


28 March 2014

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curium:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of absence without leave (AWOL) and two specifications of violating a lawful general order, in violation of Articles 86 and 92, Uniform Code of Military Justice.  10 U.S.C. §§ 886, 892 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for 11 months, forfeiture of $994 pay per month for 11 months, and reduction to the grade of E-1.  The convening authority approved five months of confinement, but otherwise approved the remaining sentence.  The convening authority also credited appellant with 65 days of confinement credit against the sentence.

On 30 October 2013, we summarily affirmed the findings of guilty and the sentence as approved by the convening authority.  *United States v. Frasier*, ARMY 20120744 (Army Ct. Crim. App. 30 Oct. 2013) (sum. disp.).  On 4 February 2014,

the Court of Appeals for the Armed Forces (C.A.A.F.) reversed our decision as to this case. *United States v. Frasier*, __ M.J. ___ (C.A.A.F. February 4, 2013). In doing so, C.A.A.F. ordered this court to (1) obtain an affidavit from appellant's trial defense counsel, Captain (CPT) PM, that responds to appellant's allegation of ineffective assistance of counsel, and (2) review the ineffective assistance of counsel issue in light of the affidavit and any other relevant matters. We have received that affidavit and now address appellant's claim pursuant to Article 66, UCMJ.

Appellant's ineffective assistance of counsel claim is based upon his defense counsel's failure to request deferment of adjudged forfeitures and reduction in grade. For the reasons explained below, we order a new staff judge advocate review (SJAR) and action in this case.

We note that there is a material factual conflict between CPT PM's affidavit and appellant's statements filed under penalty of perjury. In particular, appellant states that he wanted CPT PM to request deferment of rank reduction. However, CPT PM's affidavit states that appellant withdrew his request for deferment of reduction in rank shortly after his trial ended.[*] This court cannot decide "disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). Applying the principles set forth in *Ginn*, we are unable to decide whether CPT PM's actions were deficient without further proceedings. *Id.* at 248; *see United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

Under the facts of this case, we are confident that a *DuBay* hearing could not possibly put appellant in a better position than the relief we provide, as appellant requests that this court remand the case for new post-trial processing. Accordingly, to protect the interests of justice and to promote judicial economy, we will order a new recommendation and action without ruling on the issue of ineffective assistance of counsel. *See United States v. Starks*, 36 M.J. 1160, 1164 (A.C.M.R. 1993) (citing *United States v. Spurlin*, 33 M.J. 443 (C.M.A. 1991)); *see also United States v. Sosebee*, 35 M.J. 892 (A.C.M.R. 1992). Our action allows appellant to submit the request for deferment of rank reduction which he alleges he wanted but was never submitted. Furthermore, nothing herein limits appellant from seeking other relief at clemency upon remand.

---

[*] Captain PM did request deferment and waiver of forfeitures after the convening authority took action and forwarded the record to this court. Emails provided by CPT PM between himself and the III Corps chief of military justice indicate that the chief of military justice rejected that submission because the convening authority lacked jurisdiction to consider the claim after forwarding the case for review. *See* Rule for Courts-Martial 1107(f)(2) ("The convening authority may also recall and modify any action at any time prior to forwarding the record for review . . .").

## CONCLUSION

The convening authority's initial action, dated 14 January 2013, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant will also receive a newly-appointed defense counsel to assist with the preparation of his clemency matters.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court