# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WEIS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Three WENDELL W. BENJAMIN**
**United States Army, Appellant**

ARMY 20130092

Headquarters, United States Army Alaska
David Conn, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial & addendum)
Lieutenant Colonel Keven J. Kercher, Staff Judge Advocate (recommendation)

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief on specified issue).

For Appellee:  Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

29 October 2015

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WEIS, Judge:

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of one specification of rape by force and one specification of adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C §§ 920, 934 (2006 & Supp. V) [hereinafter UCMJ].  The panel sentenced appellant to confinement for ten years and forfeiture of all pay and allowances.  The convening authority approved the adjudged sentence.

Appellant's case is before us for review pursuant to Article 66, UCMJ.  In his initial brief to this court, appellant raised two assignments of error and also

---

[1] Judge WEIS took final action on this case while on active duty.

personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which prompted this court to specify an issue for further briefing by the parties. Specifically, this court directed briefing as to the following issue:

> WAS APPELLANT — A COMMISSIONED CHIEF
> WARRANT OFFICER WITH MORE THAN TWENTY
> YEARS OF MILITARY SERVICE AT THE TIME OF HIS
> ARRAIGNMENT — PROVIDED WITH EFFECTIVE
> ASSISTANCE OF COUNSEL, BEFORE AND AFTER HIS
> TRIAL, REGARDING HIS RIGHT TO SUBMIT A
> RESIGNATION OR REQUEST RETIREMENT FROM
> THE ARMY IN LIEU OF COURT-MARTIAL.

In appellant's brief on the specified issue, he contends he was denied effective assistance of counsel during the post-trial portion of his case because his trial defense counsel failed to properly submit a request for resignation to the convening authority following his conviction.

Without reaching the ultimate issue of ineffective assistance of counsel, we conclude post-trial error and a colorable showing of possible prejudice have been sufficiently established. As a result, we set aside the action of the convening authority to provide appellant the requested opportunity to submit a resignation request to the Secretary of the Army through the convening authority. The remaining assignments of error are not ripe at this time.

## I. FACTS

Prior to trial, appellant discussed with his civilian defense counsel[2] and detailed military defense counsel, Captain (CPT) Y.C., the possibility of submitting a "Resignation for the Good of the Service in Lieu of General Court-Martial" [hereinafter RFGOS] pursuant to Army Regulation 600-8-24. Army Reg. 600-8-24, Officer Transfers and Discharges [hereinafter AR 600-8-24], para. 3-13 (12 Apr. 2006) (Rapid Action Revision, 13 Sep. 2011). Appellant was advised by both civilian and military defense counsel that a RFGOS request could be submitted before trial or after trial up to the point the convening authority took action on the findings.

Because it was "believed that an acquittal was reasonably possible" and appellant was retirement-eligible, both civilian and military defense counsel advised appellant that "it was best to wait until after trial to submit a RFGOS request in the

---

[2] It is not disputed that civilian defense counsel was not involved in the post-trial processing matters.

event of a conviction." Appellant made an informed decision to not submit a RFGOS request to the convening authority until after trial "because he wanted to save his retirement if at all possible." After appellant was convicted, the defense achieved its strategy in convincing the panel to forgo a dismissal in sentencing.

After the sentence was adjudged but prior to action by the convening authority, appellant advised CPT Y.C. that he "wanted to submit the RFGOS." Captain Y.C. did not submit a RFGOS request on behalf of appellant.

Subsequently, due to "communication problems" coupled with the reassignment of CPT Y.C., appellant released CPT Y.C. and a new defense counsel, CPT L.D., was detailed to represent appellant. Appellant advised CPT L.D. that "he was no longer concerned with receiving retirement benefits if it meant he would have to serve out the period of confinement" and that his new goal was "to request a remedy that would effectuate his release from confinement." Appellant further advised CPT L.D. that he believed he had the option of submitting either a RFGOS request or a post-trial "Chapter 10" request and that he wished to "submit whichever was permitted pursuant to Army Regulation" and "would have the greatest probability of being approved by the Convening Authority."

Captain L.D. consulted with her supervisor as to which would present the best option for appellant. The first draft of post-trial clemency submission matters included a request for "Discharge in Lieu of Trial by Court-Martial" pursuant to Army Regulation 635-200. Army Reg. 635-200, Active Duty Enlisted Administrative Separations [hereinafter AR 635-200] (6 Jun. 2005) (Rapid Action Revision, 6 Sep. 2011). However, CPT L.D. discussed with appellant concerns over whether an officer could submit a resignation request pursuant to AR 635-200. Appellant indicated to CPT L.D. that he understood the concern and further indicated his desire "to request resignation conditioned upon disapproval of the findings and sentence." As a result, any specific reference to AR 635-200 was deleted from the draft clemency submission.

Captain L.D. submitted finalized clemency matters on behalf of appellant wherein it was requested that the "Convening Authority disapprove the findings and sentence adjudged at the general court martial . . . and instead grant CW3 Wendell Benjamin's request for resignation, conditioned on the disapproval of the findings and sentence." The clemency submission also referenced reasons supporting the resignation request. Appellant's letter requesting a "post-trial Chapter 10" was also attached to the clemency submission. The clemency submission did not specifically reference either AR 600-8-24 or AR 635-200 nor was the request for resignation submitted on the form or format required by controlling regulations. The convening authority did not formally recommend approval or disapproval of the "resignation request" nor was anything forwarded to the Secretary of the Army.

3

## II. LAW

Claims of ineffective assistance of counsel are reviewed de novo. *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012); *United States v. Wiley*, 47 M.J. 158, 159 (C.A.A.F. 1997). The Sixth Amendment to the United States Constitution guarantees an accused the right to "effective assistance of counsel." *United States v. Cronic*, 466 U.S. 648, 653-656 (1984); *United States v. Scott*, 24 M.J. 186, 187-188 (C.M.A. 1987). The right to effective assistance of counsel extends to advice concerning post-trial matters. *United States v. Knight*, 53 M.J. 340, 342 (C.A.A.F. 2000); *United States v. Fordyce*, 69 M.J. 501, 509 (Army Ct. Crim. App. 2010)(Ham, J., concurring). Defense counsel must submit requested clemency matters in post-trial clemency submissions to the convening authority. *United States v. Lewis*, 42 M.J. 1, 4 (C.A.A.F. 1995).

There is a "strong presumption" that counsel was competent. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Cronic*, 466 U.S. at 658. Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F 2012); *United States v. Axtell*, 72 M.J. 662, 664 (Army Ct. Crim. App. 2013). *Strickland* established a two-part test for ineffective assistance of counsel: an appellant must demonstrate both (1) that counsel's performance was deficient; and (2) that counsel's deficient performance resulted in prejudice. 466 U.S. at 687; *see also United States Green*, 68 M.J. 360, 361 (C.A.A.F. 2010).

Both prongs of the *Strickland* test are mixed questions of law and fact. *Strickland*, 466 U.S. at 698. As to the first prong of *Strickland*, an appellant must demonstrate that counsel's performance was deficient—that is, "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. As to the second prong of *Strickland*, an appellant must demonstrate, due to the highly-discretionary nature of the power of the convening authority, only "some colorable showing of possible prejudice." *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998); *see also United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999); *United States v. Fordyce*, 69 M.J. 501, 503 (Army Ct. Crim. App. 2010). While an appellant does not make a colorable showing of possible prejudice by "sheer speculation," *United States v. Brown*, 54 M.J. 289, 293 (C.A.A.F. 2000), an appellant meets this burden where he demonstrates that his actions, in response to proper advice and guidance from his defense counsel, "could have produced a different result." *Id.*; *see also United States v. Frederickson*, 63 M.J. 55, 57 (C.A.A.F. 2006).

## III. DISCUSSION

When, as here, an appellant submits a declaration averring ineffective assistance of counsel, we must determine whether the claim can be resolved without recourse to a post-trial evidentiary hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

This court may decide an issue based upon uncontroverted and undisputed facts set forth in affidavits. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). In *Ginn*, our superior court announced six principles to be applied by courts of criminal appeals in disposing of post-trial affidavit-based claims of ineffective assistance of counsel. *Id.* Here, we believe this court may decide appellant's claim without ordering a fact-finding *DuBay* hearing, under the third *Ginn* principle, which states:

> [I]f the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.

*Ginn*, 47 M.J. at 248,

In the instant case, appellant's declaration is not rebutted, but rather is supported, by the affidavits of defense counsel. Additionally, we accept the concessions of the government that appellant was entitled to submit a post-trial RFGOS request up to the point in time that the convening authority took action on the case. Accordingly, we find that the defense counsel erred in not submitting appellant's request for resignation in the proper format. Nevertheless, under these specific circumstances, we decline to make a further finding that *Strickland's* presumption of professional competence has been overcome.

Moreover, we are confident that a *DuBay* hearing could not possibly place appellant in a better position than the relief we provide. In order to protect the interests of justice and to promote judicial economy, we will order a new recommendation and action. *United States v. Starks*, 36 M.J. 1160, 1164 (A.C.M.R. 1993) (citing *United States v. Spurlin*, 33 M.J. 443 (C.M.A. 1991)); *United States v. Sosebee*, 35 M.J. 892 (A.C.M.R. 1992). We do so because we are "not convinced appellant was 'afforded a full opportunity to present matters to the convening authority [or, in this case, the Secretary of the Army] prior to his action on the case.'" *Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010) (citing *United States v. Hawkins*, 34 M.J. 991, 995 (A.C.M.R. 1992)).

Appellant contends he "suffered prejudice by losing a meaningful opportunity to submit his RFGOS to the Secretary of the Army" in light of the broad discretion accorded the Secretary. The government counters that there is no colorable prejudice because "there is no reasonable basis to believe that appellant would have received the relief requested, had it been submitted correctly" and that the reasons presented to support the resignation request fail to present "a compelling argument for setting aside a rape conviction and 10 years of confinement."

In this case, it is uncontroverted that appellant desired to submit a post-trial resignation request. Appellant has submitted a declaration averring his request in that regard and established from the record of trial and affidavits of counsel a basis to support such request. The supposition that the convening authority might have exercised discretion to favorably recommend the request for resignation and that the Secretary of the Army may have approved it represents a shade of colorable prejudice. This is especially so in light of the fact that there was no adjudged dismissal in this case.

Regarding prejudice, this court need not decide how the convening authority or Secretary of the Army might act on the RFGOS request. Moreover, through addressing the appellant's assignment of error, this court is by no means attempting to limit, expand or disturb the exercise of statutory authority or discretion by either the convening authority or the Secretary of the Army. Rather, we solely address the appellant's right to formally and properly submit a post-trial RFGOS request through the convening authority to the Secretary of the Army. *United States v. Van Vliet*, 64 M.J. 539, 542 (A.F. Ct. Crim. App. 2006).

## CONCLUSION

The convening authority's initial action, dated 26 February 2014, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate post-trial recommendation and new action by the same or different convening authority in accordance with Article 60(c)-(e).This remedy will afford appellant the requested opportunity to submit a RFGOS request to the convening authority. Appellant shall also receive a newly-appointed defense counsel to assist with the preparation of the RFGOS request.

Senior Judge HAIGHT and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6