UNITED STATES, Appellee,

v.

Calvin SIDERS, Specialist Four, U.S. Army, Appellant.

No. 43,566.

SPCM 16569.

U. S. Court of Military Appeals.

April 25, 1983.

For Appellant: *Lieutenant Colonel R. Rex Brookshire II, Major Robert C. Rhodes, Captain Michael T. Kelly* (on brief); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert.*

For Appellee: *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Major Thomas M. Curtis, Captain Jessica A. Polley* (on brief); *Captain Eugene R. Milhizer.*

## Opinion of the Court

### PER CURIAM:

Tried by special court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of presenting a false claim and making a false writing, in violation of Article 132, Uniform Code of Military Justice, 10 U.S.C. § 932. The approved sentence extends to a bad-conduct discharge, confinement at hard labor for 2 months, forfeiture of $334.00 pay per month for 2 months, and reduction to the grade of E–1.

We granted the review of the following issue:

WHETHER BY FAILING TO INFORM THE DEFENSE COUNSEL OR THE APPELLANT THAT APPELLANT'S CLEMENCY REQUEST LETTER TO THE CONVENING AUTHORITY WAS LOST AND THAT, IN ITS PLACE, A GOVERNMENT SUMMARY OF THAT LETTER WAS BEING FORWARDED TO THE CONVENING AUTHORITY, THE APPELLANT'S RIGHT TO PETITION THE CONVENING AUTHORITY WAS SUBSTANTIALLY VIOLATED.

During the period of preparation of the staff judge advocate's review to the officer exercising general court-martial jurisdiction[1] (GCM authority), the accused ad-

---

1. We have used the term "officer exercising general court-martial jurisdiction" for clarity, although in the Army the power to convene special courts-martial authorized to impose a

dressed a personal letter to the GCM authority expressing his contrition as well as his desire for clemency, and requesting an opportunity to remain in the Army.[2] The staff judge advocate referenced the letter in his review and attached it thereto. The original review (containing accused's letter) was sent to trial defense counsel, who was then stationed in Germany. After consideration of the review, trial defense counsel mailed it back to the staff judge advocate, but it was apparently misdelivered and believed lost. A judge advocate acting in the absence of the staff judge advocate prepared an addendum to the review in which he advised the GCM authority that accused's letter and the review were lost. He summarized the contents of accused's letter and attached the summarization to the addendum. In addition, he stated:

These irregularities have been brought to the attention of the defense counsel who has indicated that there is no rebuttal to this Post Trial Review. I therefore adhere to the recommendations made in the Post Trial Review.

Among the allied papers there is a memorandum for the record prepared by the trial counsel in which he indicates that he spoke with trial defense counsel about the lost review and record of trial, and the latter agreed that a member of the Trial Defense Service could sign a Certificate of Service and the duplicate original of the record in his behalf. He also noted that trial defense counsel detected an error in the review as to the fact that the accused was tried by special court-martial, not by general court-martial as is shown by the review. Other than that mistake, trial defense counsel "had no substantive rebuttal to the Staff Judge Advocate's review."

The lost record and review have been found and a copy of the accused's letter has been provided to us.

Appellate defense counsel concedes, correctly we believe, "that the error ... assign[ed] is ... the result of a simple and unintended mistake in communication between the trial counsel and the acting staff judge advocate who submitted the addendum which stated that the trial defense counsel had been apprised of the loss of the letter requesting clemency."

Many years ago, we noted:

[T]he post-trial review and the action of the convening authority together represent an integral first step in an accused's climb up the appellate ladder. This step is oftentimes the most critical of all for an accused because of the convening authority's broad powers which are not enjoyed by boards of review or even by this Court. It is while the case is at the convening authority level that the accused stands the greatest chance of being relieved from the consequences of a harsh finding or a severe sentence.

*United States v. Wilson,* 9 U.S.C.M.A. 223, 226, 26 C.M.R. 3, 6 (1958).

To protect this important post-trial benefit, we have required service of the staff judge advocate's review on trial defense counsel for such comments as he may wish to make. *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). We have also required further service of the staff judge advocate's response to the defense counsel's *Goode* comments when that contains "new matter ... produced after the defense counsel had his opportunity for comment." *United States v. Narine,* 14 M.J. 55, 57 (C.M.A. 1982). This case falls more within the area of a breakdown of communication, though not of the nature criticized in *United States*

---

bad-conduct discharge commonly reposes in the same person. It did here.

2. Paragraph 77a, Manual for Courts-Martial, United States, 1969 (Revised edition), provides: After the sentence has been announced, the defense may submit in writing for attachment to the record any matters as to clemency which it desires to have considered by the military judge, the members of the court or

the convening authority. The rules of evidence are not applicable to these matters, but they should not be cumulative of matters presented to the court before the sentence was announced.

In addition to the accused's letter, trial defense counsel submitted a petition for clemency to the GCM authority.

v. *McAdoo,* 14 M.J. 60 (C.M.A.1982). It is hard to assign fault to any of the parties. The net result is that the accused was led to believe that his letter would be submitted to the officer exercising GCM authority and trial defense counsel was likewise so informed; however, only a summary of the letter was actually submitted to the GCM authority, and he was informed that trial defense counsel had acceded to that summary.

We have reviewed the letter written by the accused. It has a certain intensity that is not completely conveyed by the summary, albeit accurate, of its contents, prepared by the acting staff judge advocate. Consequently, we cannot categorically say that the GCM authority might not have been swayed toward granting clemency if the original letter had been before him.[3] Further, we cannot say that trial defense counsel would not have objected to the summary or submitted a substitute letter had he known that no copy was available for submission. Under the circumstances, we believe that the accused deserves an opportunity to have the GCM authority consider his letter *in haec verba* in deliberating on whether to grant clemency.

The decision of the United States Army Court of Military Review is reversed and the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to the officer exercising General Court-Martial jurisdiction over the accused for consideration of the accused's letter and a new action.

---

3. We are not so divorced from reality to believe that, in view of the offenses involved and the past record of the accused, that officer will necessarily grant some form of clemency. However, we believe the accused has a right to have his original letter considered in arriving at the final sentence computations.