**UNITED STATES, Appellee,**

v.

**Specialist Four Calvin SIDERS, SSN 254–86–8812, United States Army, Appellant.**

SPCM 16569.

U.S. Army Court of Military Review.

30 March 1984.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain David Carrier, JAGC, and Captain Michael T. Kelly, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Nancy Dougherty Glazier, JAGC, were on the pleadings for appellee.

Before CLARKE, Su–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

Su–BROWN, Judge.

In accordance with his pleas, appellant was convicted of one specification of submitting a false claim, and one specification of making a false writing in violation of Article 132, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 932 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $334.00 pay per month for two months, and reduction to the grade of Private E–1. The convening authority approved the sentence.

The Court of Military Appeals subsequently granted appellant's petition for grant of review on the following issue:

Whether by failing to inform the defense counsel or the appellant that appellant's clemency request letter to the convening authority was lost and that, in its place, a government summary of that letter was being forwarded to the convening authority, the appellant's right to petition the convening authority was substantially violated.

In *United States v. Siders,* 15 M.J. 272 (C.M.A.1983), the Court of Military Appeals agreed with appellant's petition and set aside the action of the convening authority. The record of trial was returned to the general court-martial convening authority for consideration of appellant's letter and a new action.

The general court-martial convening authority signed a new action which approved appellant's sentence on 14 June 1983. Included in the matters submitted for his consideration were the original letter by appellant requesting clemency, a petition for clemency on behalf of appellant dated 9

June 1983 with numerous enclosures, a letter from appellant to the convening authority requesting clemency also dated 9 June 1983, the original record of trial, and a copy of the decision by the Court of Military Appeals. All the described matters were appended to a one-page document styled "Addendum" dated 10 June 1983 and signed by the Staff Judge Advocate. The Addendum summarized the attached matters and recommended that the convening authority "sign the attached action, denying clemency and approving the findings and sentence as originally adjudged." The convening authority so acted.

Appellant observes that the Staff Judge Advocate who signed the "addendum" was formerly the Chief of the Government Appellate Division. In that capacity, he appeared as counsel on three sets of government pleadings pertaining to appellant's case before this Court and the Court of Military Appeals. Not surprisingly, appellate counsel for the government advanced legal arguments inimical to those asserted by appellant. The government now contends that as a government appellate counsel, the Staff Judge Advocate was an advocate for justice and was not statutorily disqualified under Article 6(c), UCMJ, 10 U.S.C. § 806(c).

The government's argument overlooks the inherent adversarial nature of criminal appellate litigation. Although appellate advocacy is not delineated in Article 6(c), UCMJ, the legislative history confirms that this Article was developed to "secure review by an impartial staff judge advocate or legal officer...." S.Rep. No. 81–486, 81st Cong., 1st Sess. 9, *reprinted in* Index and Legislative History, Uniform Code of Military Justice 996. As a signatory to the government pleadings before the appellate courts, the Staff Judge Advocate was formerly an adversary who argued that appellant's letter did not merit any new action. To allow a former appellate advocate to offer the convening authority adverse advice on the very same matter offends our sense of judicial fairness and undermines the public perception of military judicial proceedings.

In the interest of judicial economy, rather than return this case for another post-trial review by a different staff judge advocate, the Court will reassess the sentence.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, and the entire record, the Court affirms only so much as provides for confinement at hard labor for two months, forfeiture of $334.00 pay per month for two months, and reduction to Private E–1.

Senior Judge CLARKE and Judge BADAMI concur.