UNITED STATES, Appellee,

v.

James C. SPURLIN, Private First Class, U.S. Army, Appellant.

No. 65,946.

CM 8903289.

U.S. Court of Military Appeals.

Submitted March 18, 1991.

Decided Sept. 30, 1991.

For Appellant: *Captain Marcus A. Brinks.*

For Appellee: *Captain Michael P. Moran.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

On October 25, 1989, appellant pleaded guilty to and was found guilty of four specifications of distribution of cocaine and two specifications of wrongful possession of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced by officer members at a general court-martial to a bad-conduct discharge, 3 years' confinement, partial forfeitures, and reduction to Private E-1. The convening authority approved the sentence on December 8, 1989, and the Court of Military Review affirmed the findings and sentence (including a specific amount of forfeitures) in an unpublished opinion on November 20, 1990.

We granted appellant's petition for review, specifying the following issue:

> WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN CONCLUDING THAT FAILURE OF THE CONVENING AUTHORITY TO CONSIDER THE POST–TRIAL CLEMENCY SUBMISSION WAS NOT PREJUDICIAL TO APPELLANT.

We conclude that the Court of Military Review should have returned this record to the convening authority for consideration of appellant's clemency submission. *See generally United States v. Craig,* 28 MJ 321 (CMA 1989).

The specified issue stems from failure of trial defense counsel, Captain Stuart L. Knade, to file a post-trial submission on behalf of appellant prior to the action of the convening authority. As noted above, this court-martial was tried on October 25,

1989, at Fort Monmouth, New Jersey. Defense counsel's duty station was Fort Dix, New Jersey, some distance away. He and trial counsel, Captain Robert Carey, filed affidavits on the post-trial processing of this case, which indicate the following events.

Defense counsel departed on annual leave on November 14, 1989, with a return date of November 27, 1989. While he was gone, a copy of the record of trial and the staff judge advocate's recommendation were served on the trial defense office but were receipted for by another attorney. A request for an extension to submit matters in response was made on defense counsel's behalf. That extension was granted until December 4, 1989. Defense counsel returned from leave on November 27, 1989. Two days later his father underwent emergency surgery, and defense counsel was granted a 3–day pass to be with him. He also asked the convening authority for a second extension until December 7, 1989, which was granted.

As of December 7, 1989, defense counsel had not been able to review the record of trial and prepare the post-trial submission primarily because of his office workload. In addition, he was burdened with other matters incidental to his duties as a defense counsel. He asked for an additional 4–day extension of time. However, trial counsel in this case, who also was the Chief, Criminal Law, at Fort Monmouth, informed defense counsel that he had an appointment with the general court-martial convening authority on December 8 and that there would be no further extensions.

At 11:00 p.m. on December 7, after interviewing witnesses for an upcoming trial, defense counsel began work on appellant's post-trial submission. He finished typing it at about 3:00 a.m. on December 8, prepared a telefax requesting immediate transmission, and took it to the Fort Dix communications center. He then discovered that the communications center was closed until 7:00 a.m. He considered driving to Fort Monmouth to deliver the sub-

mission, but he decided that he "was too fatigued" at that time to do it safely.

Instead, he returned to his BOQ room and set his alarm for 6:00 a.m. Unfortunately, he slept through the alarm and was awakened at 9:45 a.m. by a call from a representative of the trial defense service. Counsel immediately delivered the post-trial submission and delay request to the communications center and called Captain Carey to inform him of the situation. He was told at that time that the appointment with the convening authority had taken place and that the convening authority had acted on appellant's case. Defense counsel requested that the convening authority withdraw his action and consider the matters he submitted on appellant's behalf. However, the convening authority declined to do so. Captain Carey eventually received the mailed copy of defense counsel's post-trial submissions on December 12, 1989.

---

■ The specified issue was raised at the Court of Military Review in the form of a claim that trial defense counsel was ineffective in his post-trial representation of appellant. The court below concluded that appellant was not harmed by defense counsel's failure to file the post-trial submission in a timely manner. It cited the nature of the findings of guilty, the matters in the post-trial submission, and the relatively lenient sentence adjudged as circumstances indicating that appellant did not suffer substantial prejudice. Art. 59(a), UCMJ, 10 USC § 859(a). We disagree.

■ Approval of a court-martial sentence with its attendant clemency decision is a matter solely within the discretion of the convening authority. Art. 60(c)(1), UCMJ, 10 USC § 860(c)(1)(1983); *United States v. DeGrocco*, 23 MJ 146 (CMA 1987). *See* RCM 1107, Manual for Courts–Martial, United States, 1984. That officer may consider a broad range of matters when deciding to reduce a sentence. The Court of Military Review, on the other hand, is limited to the record of trial when approving a sentence for correctness in law and fact.

Art. 66(c), UCMJ, 10 USC § 866(c); *United States v. Healy,* 26 MJ 394 (CMA 1988). If the convening authority has not seen a convicted servicemember's clemency submission, it is well established that he has not been afforded his "best hope for sentence relief." *United States v. Bono,* 26 MJ 240, 243 n.3 (CMA 1988), citing *United States v. Wilson,* 9 USCMA 223, 226, 26 CMR 3, 6 (1958). *See United States v. Craig,* 28 MJ 321.

In *United States v. Siders,* 15 MJ 272 (1983), we emphasized the importance of consideration by the convening authority of a servicemember's letter requesting clemency. There we said:

> We have reviewed the letter written by the accused. It has a certain intensity that is not completely conveyed by the summary, albeit accurate, of its contents, prepared by the acting staff judge advocate. Consequently, we cannot categorically say that the GCM authority might not have been swayed towards granting clemency if the original letter had been before him.... Under the circumstances, we believe that the accused deserves an opportunity to have the GCM authority consider his letter *in haec verba* in deliberating on whether to grant clemency.

*Id.* at 274. We also noted in a footnote:

> We are not so divorced from reality to believe that, in view of the offenses involved and the past record of the accused, that officer will necessarily grant some form of clemency. However, we believe the accused has a right to have his original letter considered in arriving at the final sentence computations.

*Id.* at 274 n. 3.

Defense counsel's submission refers to certain matters that might well have prompted the convening authority to grant some clemency. Specifically, it noted that the sentences handed down to other, arguably more culpable, participants in the drug operation were considerably less severe than the sentence appellant received. It also noted a purported legal error in that the military judge failed to inform the members that he had ruled that several of appellant's offenses were multiplicious for punishment. In this context, a new recommendation and action are required as to the sentence. *United States v. DeGrocco, supra* at 148.

The decision of the United States Army Court of Military Review as to sentence and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to an officer exercising general court-martial jurisdiction over the accused for consideration of the post-trial submission and a new action on the sentence. Thereafter, the record will be returned to the Court of Military Review for further review of the sentence and then will be forwarded directly to this Court.

Judge COX and Senior Judge EVERETT concur.