UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class ANDRE E. GRANT
 United States Army, Appellant

 ARMY 20070360

 1st Armored Division (convened)
 V Corps (action)
 Reynold P. Masterton, Military Judge
 Lieutenant Colonel Karen V. Fair, Staff Judge Advocate (trial)
 Lieutenant Colonel James H. Robinette II, Staff Judge Advocate
 (recommendation)
 Colonel Flora D. Darpino, Staff Judge Advocate (addendum)

For Appellant: Major Sean F. Mangan, JA; Lieutenant Colonel Jonathan F.
Potter, JA (on brief).

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 29 February 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 In our review of the case under Article 66, Uniform Code of Military
Justice, 10 U.S.C. § 866 [hereinafter UCMJ], we note the convening
authority was not provided the entirety of appellant’s post-trial matters
submitted pursuant to Rule for Court-Martial [hereinafter R.C.M.] 1105 and
1106.

 The record of trial indicates appellant’s trial defense counsel
submitted a petition for clemency in response to the staff judge advocate’s
post-trial recommendation (SJAR) on 10 October 2007. The trial defense
counsel’s memorandum refers to an enclosed letter from appellant consisting
of two pages in which appellant alleges, in part, he did not receive any
unit visits during his confinement in violation of “USAREUR Regulation 190-
47, Appendix C, Paragraph B-2c.” The record of trial, however, contains
only one page of appellant’s letter which ends without signature or the
cited unit confinement visitation policy reference. On 6 December 2007,
the convening authority signed the initial action stating he considered
defense counsel’s 10 October 2007 memorandum with an enclosure consisting
of appellant’s “1 page” letter.

 Article 60, UCMJ, and R.C.M. 1107 require the convening authority to
consider clemency materials submitted by the accused pursuant to R.C.M.
1105 and 1106. “Speculation concerning the consideration of such matters
simply cannot be tolerated in this important area of command prerogative.”
United States v. Craig, 28 M.J. 321, 325 (C.M.A. 1989) (citing United
States v. Siders, 15 M.J. 272, 273 (C.M.A. 1983)). Accordingly, “this
court will not ‘guess’ as to whether clemency matters prepared by the
defense counsel were attached to the recommendation or otherwise considered
by the convening authority.” Id. (quoting United States v. Hallums, 26
M.J. 838, 841 (A.C.M.R. 1988)).

 In this case, it is clear that certain matters submitted by the
appellant were not presented to the convening authority. Article 60(c)(2),
UCMJ; United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998) (an
appellant must make a “colorable showing of possible prejudice” resulting
from an error in order to obtain relief).

 The convening authority’s initial action, dated 6 December 2007, is
set aside. The record of trial is returned to The Judge Advocate General
for a new SJAR and action by the same or a different convening authority in
accordance with Article 60(c)-(e), UCMJ.[1]

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] The new action should reflect, inter alia, the correct plea and finding
to Specification 3 of Additional Charge 1 and the correct nature of the
property unlawfully obtained by forgery in Specifications 2 and 3 of
Additional Charge II.