UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant E5 JOHNATHAN E. WILLIAMS
 United States Army, Appellant

 ARMY 20060969

 Headquarters, XVIII Airborne Corps and Fort Bragg
 Patrick J. Parrish, Military Judge
 Colonel W. Renn Grade, Staff Judge Advocate

For Appellant: Major Leonard W. Jones; Major Teresa L. Raymond, JA (on
brief); Colonel Christopher O’Brien, JA; Lieutenant Colonel Steven
Henricks, JA; Major Leonard W. Jones; Major Teresa L. Raymond, JA (on
specified issues brief).

For Appellee: Colonel John W. Miller II, JA; Major Elizabeth G. Marotta,
JA; Major Tami L. Dillahunt, JA; Captain Teresa T. Phelps, JA (on specified
issue brief).

 28 March 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case was submitted on its merits for our review under Article 66,
Uniform Code of Military Justice, 10 U.S.C. § 866 [hereinafter UCMJ].
Noting the apparent absence of appellant’s personal statement from matters
submitted to the convening authority in his petition for clemency under
Rule for Courts-Martial [hereinafter R.C.M.] 1105 and 1106, we specified
two issues for clarification.[1] The body of defense counsel’s clemency
memorandum referenced appellant’s letter to the convening authority, and
listed a “personal statement” from appellant as
Enclosure 1. No such personal statement is contained in the nineteen pages
faxed by appellant’s defense counsel to the Office of the Staff Judge
Advocate (SJA). The SJA’s addendum to the post-trial recommendation made
no reference to a personal statement by appellant and provided no
explanation for its absence.

 Article 60, UCMJ, and R.C.M. 1107 require the convening authority to
consider clemency materials submitted by the accused pursuant to R.C.M.
1105 and 1106. In this case, the government concedes there is no evidence
that appellant’s personal statement was submitted for consideration by the
convening authority. “Speculation concerning the consideration of such
matters simply cannot be tolerated in this important area of command
prerogative.” United States v. Craig, 28 M.J. 321, 325 (C.M.A. 1989)
(citing United States v. Siders, 15 M.J. 272, 273 (C.M.A. 1983)).
Accordingly, “this court will not ‘guess’ as to whether clemency matters
prepared by the defense counsel were attached to the recommendation or
otherwise considered by the convening authority.” Id. (quoting United
States v. Hallums, 26 M.J. 838, 841 (A.C.M.R. 1988)).

 The government argues, however, there is no prejudice from the
apparent absence of appellant’s personal statement from the clemency
petition since defense counsel’s submission under R.C.M. 1105 partially
summarized appellant’s personal statement. We do not accept the
government’s position. Appellant’s personal statement is not contained in
the record of trial or allied papers and we will not speculate whether the
content was duplicated in defense counsel’s submission. Accordingly,
appellant is entitled to relief. See Article 60(c)(2), UCMJ; United States
v.Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998) (post-trial errors merit relief
where there is a “colorable showing of possible prejudice”).

 The convening authority’s initial action, dated 25 January 2007, is
set aside. The record of trial is returned to The Judge Advocate General
for a new SJAR and action by the same or a different convening authority in
accordance with Article 60(c)-(e), UCMJ.[2]

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] We specified:

 WHETHER APPELLANT SUBMITTED IN HIS CLEMENCY MATTERS A PERSONAL
 STATEMENT TO THE CONVENING AUTHORITY; IF SO, WHETHER THE CONVENING
 AUTHORITY CONSIDERED APPELLANT’S PERSONAL STATEMENT.

 ASSUMING THE CONVENING AUTHORITY DID NOT CONSIDER APPELLANT’S PERSONAL
 STATEMENT, WHETHER APPELLANT HAS BEEN PREJUDICED BY THAT FAILURE.
[2] The new promulgating order should correct, inter alia, the spelling of
appellant’s name and the findings by exceptions and substitutions.