UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist EDUARDO BARREDA
 United States Army, Appellant

 ARMY 20080446

 Headquarters, 1st Cavalry Division
 Gregory Gross, Military Judge
 Major Dean L. Whitford, Acting Staff Judge Advocate (pretrial advice)
 Lieutenant Colonel Walter S. Weedman, Staff Judge Advocate (recommendation)

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Bradley Voorhees, JA; Captain Melissa Goforth
Koenig, JA (on brief).

For Appellee: Colonel Norman F. J. Allen III, JA; Lieutenant Colonel
Martha L. Foss, JA; Major Sara M. Root, JA; Captain Sarah J. Rykowski, JA
(on brief).

 29 September 2009

 ---------------------------------------------
 SUMMARY DISPOSITION
 --------------------------------------------

Per Curiam:

 On 14 May 2008, a military judge sitting as a special-court martial
convicted appellant, pursuant to his pleas, of assault consummated by a
battery upon a child under 16 years of age, in violation of Article 128,
Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 928. The
military judge sentenced appellant to reduction to the grade of Private E1,
forfeiture of $897 pay per month for seven months, confinement for seven
months, and a bad-conduct discharge. Pursuant to a pretrial agreement, the
convening authority approved five months confinement, and the remainder of
the sentence.

 In a sworn affidavit, appellant alleges he neither had the
opportunity to submit clemency matters in accordance with Rule for Courts-
Martial (R.C.M.) 1105, nor affirmatively waived his right to submit such
matters. Our superior Court has often noted an accused’s best chance for
clemency rests with the convening authority. See United States v. Wheelus,
49 M.J. 283, 287 (C.A.A.F. 1998); United States v. MacCulloch, 40 M.J. 236,
239 (C.M.A. 1994). Consequently, “the convening authority’s obligation to
consider defense [clemency] submissions is uniquely critical to an
accused.” United States v. Hamilton, 47 M.J. 32, 35 (C.A.A.F. 1997). The
absence of R.C.M. 1105 matters from the record is apparently through no
fault of the government, which documented its repeated, good-faith efforts
to ascertain whether appellant would be submitting them.

 Nonetheless, if the convening authority “has not seen a convicted
servicemember’s clemency submission, it is well established that he has not
been afforded his best hope for sentence relief.” United States v.
Spurlin, 33 M.J. 443, 445 (C.M.A. 1991) (quotation marks and citations
omitted). Finding no prejudice is a very high bar we are unable to reach
here. We will not speculate what the convening authority would have done
if presented with the clemency information appellant desired to submit. We
return the record of trial to afford appellant the opportunity to provide
matters to the convening authority for consideration.

 The convening authority’s initial action, dated 6 August 2008, is set
aside. The record of trial is returned to The Judge Advocate General for a
new staff judge advocate recommendation and a new initial action by the
same or a different convening authority in accordance with Article 60(c)-
(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court