UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, BAIME, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class Robert W. Medeiros
 United States Army, Appellant

 ARMY 20081092

 Headquarters, National Training Center and Fort Irwin
 Michael J. Hargis, Military Judge
 Lieutenant F. Dean Raab, Staff Judge Advocate (pretrial and recommendation)
 Major Robert A. Vedra, Acting Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Captain Shay Stanford, JA; Captain Michael E. Korte, JA (on
brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Barbara
A. Snow-Martone, JA (on reply brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Christopher B.
Burgess, JA; Major Adam S. Kazin, JA; Major Joshua W. Johnson, JA (on
brief).

 7 June 2011

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 On 3, 4, and 5 December 2008, a military judge sitting as a general
court-martial convicted appellant, pursuant to his pleas, of assault (two
specifications), adultery, and communicating a threat, in violation of
Articles 128 and 134, Uniform Code of Military Justice [hereinafter UCMJ],
10 U.S.C. §§ 928 and 934. The military judge convicted appellant, contrary
to his pleas, of attempted wrongful imprisonment, maiming, sodomy, and
assault (six specifications), in violation of Articles 80, 124, 125, and
128, UCMJ, 10 U.S.C. §§ 880, 924, 925, and 928.[1] The convening authority
approved the adjudged sentence of reduction to the rank of Private E1,
confinement for thirty-two years, and a dishonorable discharge.

 This case is before us for review under Article 66, UCMJ, 10 U.S.C.
§866. On 30 April 2010, appellate defense counsel filed a brief on behalf
of appellant asserting the following assignments of error[2]:

 II.

 APPELLANT WAS DENIED POST-TRIAL EFFECTIVE ASSISTANCE OF COUNSEL
 WHEN HIS COUNSEL FAILED TO INCLUDE APPELLANT’S PERSONAL
 SUBMISSIONS TO THE CONVENING AUTHORITY.

 III.

 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN, AFTER
 A CONTESTED COURT-MARTIAL, APPELLANT’S COUNSEL SUBMITTED A
 CLEMENCY REQUEST CONTAINING ADMISSIONS OF GUILT AND DEROGATORY
 INFORMATION WITHOUT APPELLANT’S KNOWLEDGE OR CONSENT.

 Appellant’s pleadings before this court include an affidavit in which:

 1. Appellant alleges he “never spoke to CPT Barbour after trial about
these clemency matters. He never called me about them.”

 2. Additionally, appellant alleges he did submit a seven-page
handwritten letter to the “CJA staff at Ft. Leavenworth who routinely
coordinate things like this, and on June 6, 2009, they faxed it to TDS for
me. I found out later that nobody included what I wrote to the convening
authority when they asked the convening authority for clemency for me. The
convening authority never saw my 7-page letter. I don’t think at that
point I really had a chance to make my case for why he should reduce my
sentence or show mercy.”

 3. Appellant also alleges a clemency submission was ultimately sent
to the convening authority without appellant’s knowledge or permission, and
that the submission hurt his chances for clemency because it portrayed
appellant in “the worst possible light” by admitting to the convening
authority that he committed the offenses he contested at trial.

 In response, trial defense counsel and his legal specialist assert
trial defense counsel spoke with appellant about the clemency process, did
not receive appellant’s personal submission until four days after the
convening authority took action, and discussed the matters submitted on
appellant’s behalf with appellant prior to submitting them. While counsel
avers he discussed the matters with appellant on the telephone before they
were submitted, it is not clear in the record whether appellant reviewed a
hard copy before submission.

 Our superior court has often noted an accused’s best chance for
clemency rests with the convening authority. See United States v. Wheelus,
49 M.J. 283, 287 (C.A.A.F. 1998); United States v. MacCulloch, 40 M.J. 236,
239 (C.M.A. 1994). Consequently, “the convening authority’s obligation to
consider defense [clemency] submissions is uniquely critical to an
accused.” United States v. Hamilton, 47 M.J. 32, 35 (C.A.A.F. 1997). The
absence of the additional matters from appellant’s R.C.M. 1105 clemency
submissions is apparently through no fault of trial defense counsel;
however, it is clear appellant had prepared matters which did not reach the
convening authority. Appellant thought he had submitted these matters but
was unaware they were not included within the matters trial defense counsel
submitted. This is even more important in this case, as trial defense
counsel allegedly submitted matters without appellant’s consent and which
appellant alleges he would not have approved.

 If the convening authority “has not seen a convicted servicemember’s
clemency submission, it is well established that he has not been afforded
his best hope for sentence relief.” United States v. Spurlin, 33 M.J. 443,
445 (C.M.A. 1991) (quotation marks and citations omitted). We decline to
speculate what the convening authority would have done if presented earlier
with the clemency information appellant ostensibly desired to submit. We
return the record of trial to afford appellant an opportunity to provide
matters to the convening authority for consideration.

 DECISION

 The convening authority’s initial action, dated 4 June 2009, is set
aside. The record of trial is returned to The Judge Advocate General for a
new staff judge advocate recommendation and a new action by the same or
different convening authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Appellant initially pled guilty to Charge III and the Specification
(maiming), and Specifications 5 and 8 of Charge V (assault), but the
military judge concluded appellant was improvident and he declined to
accept his guilty pleas. Appellant was subsequently convicted of these
charges and specifications in a contested case.

[2] We find appellant’s first assignment of error (challenging the factual
and legal sufficiency of the forcible sodomy conviction) to be without
merit.