# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JUSTIN W. RIGGS**
**United States Army, Appellant**

ARMY 20110340

Headquarters, 3rd Infantry Division
Tiernan P. Dolan, Military Judge
Colonel Jonathan C. Guden, Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael K. Herring, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain A. Jason Nef, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

30 January 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of possession and distribution of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for twenty-four months and credited appellant with seven days of confinement against the sentence to confinement.

Appellant's sole assignment of error is the convening authority failed to consider appellant's complete clemency matters prior to taking action on appellant's case. On three separate occasions, 11 July, 27 July, and 5 August 2011, appellant attempted to mail letters from his confinement facility at Fort Leavenworth, Kansas, to his trial defense counsel at Fort Bragg, North Carolina. Each of the letters contained information relevant to the preparation of his clemency matters and at least one of the letters contained appellant's personal handwritten request for clemency. While each letter appeared to be properly addressed, all were returned to

sender for "insufficient address" or "attempted – not known." The record reflects that not only did appellant enlist the assistance of the command judge advocate's office at Fort Leavenworth to ensure the proper delivery of his clemency matters, but the convening authority was apprised of the fact that appellant's mail was being returned undelivered. Regardless, through no fault of appellant, his matters were never delivered to his defense counsel for inclusion in his request for clemency and were never considered by the convening authority.

Our superior court has noted that an accused's best chance for clemency rests with the convening authority. *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998); *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994). If the convening authority "has not seen a convicted servicemember's clemency submission, it is well established that he has not been afforded his best hope for sentence relief." *United States v. Spurlin*, 33 M.J. 443, 445 (C.M.A. 1991). In addition, "the convening authority's obligation to consider defense submissions is uniquely critical to an accused." *United States v. Hamilton*, 47 M.J. 32, 35 (C.A.A.F. 1997). In this case, appellant did not receive the opportunity to fully present matters and receive meaningful consideration of his clemency request. *See United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010). On these facts, we decline to speculate what the convening authority would have done if presented with the clemency information appellant desired to submit. Accordingly, we will order a new recommendation and action to ensure appellant has a meaningful opportunity for clemency.

The convening authority's initial action, dated 5 October 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new Staff Judge Advocate's Post-Trial Recommendation (SJAR) and new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2