# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 SYDNEY D. TAYLOR**
**United States Army, Appellant**

ARMY 20110358

Headquarters, 8th Army
T. Mark Kulish, Military Judge
Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew T. Grady, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Captain Daniel H. Karna, JA (on brief).

31 January 2013

-------------------------------------
SUMMARY DISPOSITION
-------------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of conspiracy to commit larceny, conspiracy to obtain services under false pretenses, three specifications of larceny, and obtaining services under false pretenses, in violation of Articles 81, 121 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge and confinement for five months.

Upon application of the accused, Article 57b, UCMJ, enables a convening authority to defer both automatic and adjudged forfeitures until the date on which the convening authority approves the sentence under Article 60, UCMJ. Additionally, under Article 58b, UCMJ, if an accused has dependents, a convening authority —may waive any or all of the [automatic] forfeitures of pay and allowances . . . for a period not to exceed six months, and such money —shall be paid . . . to the dependents of the accused. *See also* R.C.M. 1101(d)(1).

In this case, appellant alleges that he was denied his Sixth Amendment right to effective assistance of counsel in the post-trial phase of his court-martial when his defense counsel failed to request deferment and/or waiver of automatic forfeitures in accordance with Articles 57b and 58b, UCMJ. In addition, appellant argues he did not receive the opportunity to fully present clemency matters because he was not adequately advised on the distinction between automatic and adjudged forfeitures. Had appellant been properly advised, he would have requested the convening authority defer and/or waive automatic forfeitures at action for the benefit of his dependents. This issue has added significance in appellant's case because his pretrial agreement insulated appellant from adjudged, but not automatic, forfeitures. Such a provision reflects appellant's desire to obtain monetary relief and the convening authority's willingness to grant that relief.

The government concedes that appellant indicated his desire to request deferment and/or waiver of automatic forfeitures on his post-trial and appellate rights form and that this desire did not change prior to action. As a result, the government concedes appellant did not receive the opportunity to submit his complete clemency matters to the convening authority.

Without addressing appellant's claim of ineffective assistance of counsel, we note our superior court has held an accused's best chance for clemency rests with the convening authority. *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998); *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994). If the convening authority "has not seen a convicted servicemember's clemency submission, it is well established that he has not been afforded his best hope for sentence relief." *United States v. Spurlin*, 33 M.J. 443, 445 (C.M.A. 1991). In addition, "the convening authority's obligation to consider defense submissions is uniquely critical to an accused." *United States v. Hamilton*, 47 M.J. 32, 35 (C.A.A.F. 1997). In this case, appellant did not receive the opportunity to fully present matters and receive meaningful consideration of his clemency request because he was unable to request the convening authority defer and/or waive the automatic forfeitures in his case. *See United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010). On these facts, we decline to speculate what the convening authority would have done if presented with the clemency information appellant desired to submit. Accordingly, we will order a new recommendation and action to ensure appellant has a meaningful opportunity for clemency.

Further, assuming without deciding that sentence disparity in closely related cases rises to the level of legal error, we note the SJA failed to address the issue in accordance with R.C.M. 1106(d)(4). "Failure by the [SJA] to respond to an allegation of legal error . . . requires remand to the [CA] for comment by the [SJA]." *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988).

## CONCLUSION

The convening authority's initial action, dated 28 July 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new Staff Judge Advocate's Post-Trial Recommendation (SJAR) and new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant should receive a newly appointed defense counsel to assist with the preparation of his clemency matters.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court