# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 BRADLEY R. MEHRMAN**
**United States Army, Appellant**

ARMY 20110800

Headquarters, Fort Drum
Gregory R. Bockin, Military Judge
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

29 March 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas of a single specification of absence without leave in violation of Article 86, Uniform Code of Military Justice 10 U.S.C. § 886 (2006) [hereinafter UCMJ]*. The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1. The convening authority credited appellant with one day of pretrial confinement, and pursuant to a pretrial agreement, approved five months of confinement and the remainder of the adjudged sentence.

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error, one which merits discussion. Appellant asserts that the

---

*The military judge, pursuant to appellant's plea, excepted the words: "he was apprehended" from the Specification of the Charge.

convening authority did not consider all matters submitted for clemency pursuant to Rule for Courts-Martial 1105 and thus requests a new review and action. The government does not oppose appellant's request under the circumstances as "there is no evidence that the former chief of justice, the staff judge advocate, or more importantly, the Convening Authority, reviewed these missing matters" and joins appellant in requesting this court to order a new review and action. We agree. *See generally United States v. Fordyce*, 69 M.J. 501 (Army Ct. Crim. App. 2010) (en banc). This remedy will afford appellant the requested opportunity to submit complete clemency matters to the convening authority.

Our superior court has often noted an accused's best chance for clemency rests with the convening authority. *See United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998); *United States v. MacCulloch*, 40 M.J. 236, 239 (C.M.A. 1994). Consequently, "the convening authority's obligation to consider defense [clemency] submissions is uniquely critical to an accused." *United States v. Hamilton*, 47 M.J. 32, 35 (C.A.A.F. 1997).

"If the convening authority has not seen a convicted servicemember's clemency submission, it is well established that he has not been afforded his 'best hope for sentence relief.'" *United States v. Spurlin*, 33 M.J. 443, 445 (C.M.A. 1991) (citations omitted). We decline to speculate what the convening authority would have done if presented with the clemency information appellant ostensibly desired to submit. We return the record of trial to afford appellant an opportunity to provide matters to the convening authority for consideration.

## CONCLUSION

The action of the convening authority, dated 28 December 2011, is set aside. The record of trial will be returned to The Judge Advocate General for preparation of a new staff judge advocate recommendation and action by the same or a different convening authority in accordance with Article 60(c)–(e), UCMJ.

FOR THE COURT:

KENNETH J. TOZZI
COL, JA
Acting Clerk of Court