# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JUSTINO N. MONGKEYA**
**United States Army, Appellant**

ARMY 20111151

Headquarters, United States Army Alaska
David L. Conn, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).  Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on reply brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Michael J. Frank, JA (on brief).

11 October 2013

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice.  10 U.S.C. 920 (2006 & Supp. IV 2011), *amended by* 10 U.S.C. § 920 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for three years, and reduction to the grade of E-1.  The convening authority approved two years of confinement and otherwise approved the sentence.[1]

-----

[1] The convening authority also deferred the automatic forfeiture of pay and allowances until action.

This case is before this court for review under Article 66, UCMJ. Appellant raises three assignments of error. One assignment of error alleges ineffective assistance of counsel in the post-trial phase of his court-martial when, contrary to appellant's intent, defense counsel did not request that the convening authority defer the adjudged rank reduction. Without reaching the question of ineffective assistance of counsel, we set aside the convening authority's initial action to provide appellant the opportunity to request deferment of rank reduction. This relief moots one of the other assignments of error, which alleges that appellant was not afforded the full opportunity to present clemency matters to the convening authority. Our relief makes appellant's remaining assignment of error regarding dilatory post-trial processing premature for this court's resolution. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) lack merit.

On 15 December 2011, the day before appellant's trial, appellant completed a Defense Counsel Assistance Program [hereinafter DCAP] form addressing post-trial and appellate rights. Part of that form detailed appellant's ability to seek deferment of automatic and adjudged forfeitures, along with deferment of adjudged reduction in rank. Appellant noted on the form that he wished to request deferment of forfeitures and reduction in rank. On 22 December 2011, appellant's defense counsel, Captain [hereinafter CPT] WN, requested that the convening authority defer appellant's automatic forfeitures until action.[2] In this request, appellant noted the financial hardship facing his wife and six children. Appellant noted that his wife only worked part-time. In further support of this request, appellant attached a power of attorney, granting appellant's wife the authority to act on his behalf. CPT WN did not request that the convening authority defer appellant's reduction in rank until action. As noted above, the convening authority deferred the automatic forfeitures until action.

On appeal, appellant alleged that he received ineffective assistance of counsel in the post-trial phase of his court martial when CPT WN did not request deferment of rank reduction. In support of his claim, appellant filed an affidavit with this court stating that he informed CPT WN that he wanted to request deferment of reduction in rank. Appellant stated that he intended for CPT WN to make this request. In his own affidavit, CPT WN stated that he thought it unlikely that the convening authority would defer any reduction in rank for appellant, given appellant's sexual assault conviction. He advised appellant as such. However, CPT WN did not review the relevant DCAP form before making his request for deferment of forfeitures and,

---

[2] Captain WN was promoted to Major sometime after trial and signed his affidavit using his new rank. We will continue to refer to him as CPT WN for clarity.

thus, did not realize that appellant indicated on that form that he wished to request deferment of rank reduction.[3]

We note our superior court has held an accused's best chance for clemency rests with the convening authority. *United States v. Wheelus,* 49 M.J. 283, 287 (C.A.A.F. 1998); *United States v. MacCulloch,* 40 M.J. 236, 239 (C.M.A. 1994). If the convening authority "has not seen a convicted servicemember's clemency submission, it is well established that he has not been afforded his best hope for sentence relief." *United States v. Spurlin,* 33 M.J. 443, 445 (C.M.A. 1991). In addition, "the convening authority's obligation to consider defense submissions is uniquely critical to an accused." *United States v. Hamilton,* 47 M.J. 32, 35 (C.A.A.F. 1997). In light of the miscommunication between appellant and CPT WN, we will set aside the convening authority's action and allow appellant the opportunity to request deferment of rank reduction.[4] We consequently do not reach the question of whether CTP WN provided ineffective assistance of counsel.

## CONCLUSION

The convening authority's initial action, dated 11 October 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate post-trial recommendation (SJAR) and new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant should also receive a newly-appointed defense counsel to assist with the preparation of his clemency matters.

---

[3] According to his affidavit, CPT WN maintained contact with appellant throughout the post-trial process, and appellant never expressed any dissatisfaction when appellant received pay at the E-1 rate.

[4] We conclude that appellant has met his burden of establishing some colorable showing of possible prejudice. *United States v. Wheelus*, 49 M.J. 282, 289 (C.A.A.F. 1998). The President, under his Article 36, UCMJ rule-making authority, has mandated certain requirements for an accused requesting deferment of punishment. *See* Rule for Courts-Martial 1101(c)(2)-(3). Appellant met these requirements to the apparent satisfaction of his convening authority with respect to deferral of automatic forfeitures. These requirements apply with equal force to deferment of rank reduction. In this case, the convening authority's amenability to appellant's first deferment request establishes a colorable inference of his amenability to deferring appellant's adjudged rank reduction. At the same time, this observation in no way limits the convening authority's discretion to grant or deny any future deferment request.

MONGKEYA—ARMY 20111151



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court