# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHNATHAN M. JOHNSON**
**United States Army, Appellant**

ARMY 20120643

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell
Timothy Grammel, Military Judge
Colonel Jeff A. Bovarnick, Staff Judge Advocate (advice and addendum)
Lieutenant Colonel Sebastian A. Edwards (recommendation)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain John L. Schriver, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James Varley, JA; Major Catherine L. Brantley, JA (on brief).

24 June 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of rape of a child, indecent liberty with a child, three specifications of sodomy with a child under the age of twelve, five specifications of aggravated assault in which grievous bodily harm is intentionally inflicted upon a child under the age of six weeks, and child neglect, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928, 934 (2006 & Supp. I) [hereinafter "UCMJ"], respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-eight years, and reduction to the

grade of E-1. The convening authority approved only thirty years confinement and otherwise approved the remainder of the sentence.[1]

This case is before this court for review under Article 66, UCMJ. In his sole assignment of error, appellant alleges ineffective assistance of counsel in the post-trial phase of his court-martial. Without deciding the issue of ineffective assistance of counsel, we remand this case for a new recommendation and action.[2]

## BACKGROUND

In an affidavit filed contemporaneously with his brief before this court, appellant alleges, *inter alia*:

> My civilian defense counsel only called me one time after my court-martial. This phone call took place approximately two days before clemency submissions were due. I asked my civilian defense counsel if I could send a personal letter to the convening authority. He told me that I could send a letter to the convening authority, but it probably would not add much to the clemency submission or make a difference in the convening authority's decision whether to grant clemency. He also said there probably was not enough time to do a typed letter but I could provide a handwritten one. When I explained that it would take me a few days to do a handwritten letter, he said that they would just submit the clemency submission "as is."

Appellant's affidavit includes some topics his personal statement allegedly would have contained, including: his remorse for his crimes; his combat experience; explanations about his relationship with his wife and children; his mental health issues resulting from his combat experience; the abuse he witnessed as a child; and his subsequent, futile efforts to obtain mental health treatment as a result of witnessing this abuse.

---

[1] The convening authority also deferred automatic forfeitures until action, and, at action, waived those automatic forfeitures for a period of six months. Appellant was also credited with 196 days confinement against the sentence to confinement.

[2] Given the relief in this case, we need not decide appellant's personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

JOHNSON—ARMY 20120643

We subsequently ordered an affidavit from the civilian defense counsel, Mr. JP, who represented appellant in the post-trial phase of his court-martial. In his affidavit, Mr. JP states:

> I told [appellant] he could submit a statement if he wanted. He told me he did not want to write a statement to the convening authority. I told him not to worry about the format, but what was important was that he put something in. I did tell him he could hand write a statement. He seemed apathetic and resigned. He clearly expressed that he did not want to write a statement. I do not remember any conversation about length of time for submission of the statement, because he clearly did not want to submit a statement. There was no talk about a "looming deadline" because we were assured we could get more time. . . . If worse came to worse, [appellant] could have faxed us his statement from the CJA office. I do not remember discussing the likelihood of him being granted clemency, but if I did it was not in the context of submitting a personal statement to the convening authority. . . .
>
> I did not tell him not to submit a personal statement. I would never have suggested this to him or any other client in a similar situation.

Ultimately, no personal statement from appellant was included in his clemency submissions.

## LAW AND DISCUSSION

We analyze claims of ineffective assistance of counsel using the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687). However, our ability to resolve *Strickland*'s performance prong is circumscribed by the general prohibition against an appellate court's ability to decide whether counsel's performance was deficient when presented with material

factual conflicts in competing affidavits.[3] *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997). In the case at bar, these affidavits are at odds regarding why appellant did not submit a personal statement with his clemency submissions. Accordingly, we cannot decide this first prong.

We also cannot resolve this ineffective assistance of counsel claim on the second prong. *See Strickland*, 466 U.S. at 697 (authorizing courts to decide such claims on lack of prejudice without deciding whether counsel was deficient). In the post-trial context of ineffective assistance of counsel claims, the threshold for establishing prejudice is low because of the convening authority's highly discretionary power to grant clemency. *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999). Courts will give an appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant makes some colorable showing of possible prejudice. *Id.*

The government's brief does an exemplary job in showing how most of appellant's proffered personal statement would have been cumulative with other clemency submissions and the record of trial.[4] However, the record and other clemency submissions do not document appellant's purported unsuccessful efforts to obtain mental health treatment for the abuse he witnessed as a child. Given the importance of consideration by the convening authority of a servicemember's letter requesting clemency, *cf. United States v. Siders*, 15 M.J. 272, 274 (C.M.A. 1983), we give appellant the benefit of the doubt and conclude that he has made some colorable showing of possible prejudice. *See United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998).

Ordinarily, given the conflicting affidavits, we would order a *DuBay* hearing. *See United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A. 1967). Under the facts of this case, we are confident that a *DuBay* hearing could not possibly put appellant in a better position than the relief we provide. Likewise, we are confident there is no need to further delve into the issue of ineffective assistance of counsel. Considering the interests of justice and judicial economy, we order a new review and action.

---

[3] None of the six exceptions to *Ginn*'s general rule apply in this case. *See Ginn*, 47 M.J. at 248.

[4] Although the convening authority is not required to review the record of trial, Rule for Court-Martial 1107(b)(3)(B)(i), the convening authority expressly did so in this case.

## CONCLUSION

The convening authority's initial action, dated 12 December 2012, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate post-trial recommendation (SJAR) and new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. Appellant should also receive a newly-appointed defense counsel to assist with the preparation of his clemency matters.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court